**SHU QIN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1669–ag.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Wei Jia, Boston, MA, for Petitioner.

Michael J. Garcia, U.S. Attorney for the Southern District of New York, Natasha Oeltjen & Ross E. Morrison, Assistant U.S. Attorneys, of Counsel, New York, NY, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Shu Qin Chen, a native and citizen of the People's Republic of China, seeks review of the March 27, 2007 order of the BIA denying his motion to reopen. *In re Shu Qin Chen,* No. A70 899 403 (B.I.A. Mar. 27, 2007) (*"In re Shu Qin Chen"*). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Chen did not file a petition for review of the BIA's February 2003 decision affirming the IJ's March 1999 decision, we limit our review to the BIA's March 2007 decision denying his second motion to reopen. *Cf. Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or 2 conclusory statements; that

is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

The BIA did not abuse its discretion in deciding that Chen's motion to reopen was untimely, and that he did not qualify for an exception to the time and numerical limitations applicable to such motions. *See* 8 C.F.R. § 1003.2(c)(2). It is beyond dispute that Chen's second motion to reopen was untimely. Nor, contrary to Chen's assertions, does the record reflect that the government agreed to join Chen's second motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(iii). Hence, none of the regulatory exceptions to the time and numerical limitations apply to Chen's second motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3).

Chen argues that the applicable limitations should have been equitably tolled in light of his ineffective assistance of counsel claim. However, we find no abuse of discretion in the BIA's conclusion that Chen failed to demonstrate either that his prior counsel was ineffective or that he exercised due diligence during the period he sought to toll. Indeed, as the BIA noted, his prior attorney Katya Plotnik filed a timely appeal to the BIA, and a supporting brief, in accordance with their agreement. Additionally, in February 2002, during the pendency of Chen's appeal, Plotnik submitted a change of address form with the BIA, which listed that same address for Chen that she provided when she filed his appeal three years earlier. As the BIA reasonably observed, Plotnik's conduct "appear[s] to be the actions of a diligent attorney." *Cf. Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994); *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993).

Chen's affidavit also failed to detail what actions he undertook to maintain contact with Plotnik during the pendency of his appeal to the BIA. In this regard, Chen's affidavit failed to mention any efforts he

made to contact Plotnik between March 1999, when she filed the appeal, and the "spring of 2003," when Chen allegedly traveled to New York to "find out about the result of [his] appeal," and "discovered that [Plotnik's] law firm was no longer there[.]" Chen also failed to indicate whether he made any attempts to locate Plotnik following this discovery.

Moreover, despite the fact that the record indicates that Chen changed addresses on several occasions, including at some point between the filing of his appeal in 1999 and the filing of his first motion to reopen in October 2004, Chen's second motion to reopen, as the BIA noted, failed "to mention that he ever moved, to indicate when he moved, or to provide any information about his efforts to keep [Plotnik] apprised of his address." *In re Shu Qin Chen*, at 2. Thus, under all these circumstances, it was reasonable for the BIA to conclude that Chen's motion was "insufficient to show that [his] lack of notice of the [BIA's] February 2003 decision was due to his prior counsel's failure, rather than due to other circumstances, such that ineffective assistance of counsel has been established." *Id.* at 1.

Finally, the BIA did not abuse its discretion in concluding that Chen did not exercise due diligence in pursuing his alleged claim of ineffective assistance of counsel against Plotnik. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). The BIA affirmed the decision of the IJ on February 21, 2003. A motion to reopen would therefore have been due on or before May 22, 2003. *See* 8 C.F.R. § 1003.2(c)(2). But the BIA did not receive Chen's first motion to reopen until October 6, 2004. Chen admitted in the affidavit attached to his second motion to reopen that he discovered that Plotnik had moved in the spring of

2003, but he failed to indicate that he made any further attempt to locate her or contact the BIA directly regarding the status of his case.

Chen argues that his inaction should be excused, despite these deficiencies, because he "does not speak English and is unfamiliar with immigration law." The record indicates, however, he has been represented by present counsel, Wei Jia, since March 2001, when Jia filed his application for employment certification. Additionally, the record reflects that Chen received notice that his immigrant visa petition had been approved on March 11, 2003–well within ninety days of the BIA's denial of his appeal on February 21, 2003. In light of these factors, the BIA reasonably determined that Chen failed to exercise due diligence in pursuing his claim of ineffective assistance of counsel between the spring of 2003 and October 2004. *See Cekic,* 435 F.3d at 171–72.

For the foregoing reasons, the petition for review is DENIED.